IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EVER-SEAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:22-cv-00082 |
| | ) | |
| STEPHEN BRADLEY HALFERTY | ) | JUDGE RICHARDSON |
| d/b/a DURASEAL, | ) | MAG. JUDGE FRENSLEY |
| | ) | |
| Defendant. | ) | JURY DEMAND |

## TEMPORARY RESTRAINING ORDER

Pending before the Court is Plaintiff Ever-Seal, Inc.'s motion for temporary restraining order, seeking to prohibit Defendant Stephen Bradley Halferty d/b/a DuraSeal from engaging in conduct (1) that competes against Ever-Seal, Inc in violation of a valid non-compete and confidentiality agreement, and (2) that constitutes intentional interference with business relations. Based on Plaintiff's verified complaint, declaration in support and supporting memoranda, as well as the entire record in this case, and for the reasons discussed in the Court's February 10, 2022 Memorandum Opinion (Doc. No. 12), and with Plaintiff having posted a bond in the amount of ten thousand dollars ($10,000.00), in a form satisfactory to the Clerk of Court, the Court hereby **GRANTS** the motion and makes the following findings and rulings:

1.  As reflected in the non-competition agreement contained in his Confidentiality Agreement with Ever-Seal (attached to Complaint as **Exhibit A**), Defendant is prohibited from entering into any employment, contractual, or advisory relationship with any business entity that is in direct or indirect competition with Ever-Seal, Inc. for a period of two years following the date of the termination of his employment with Ever-Seal.

2. For the same period, Defendant also agreed to not use, disclose or disseminate Ever-Seal's Confidential Information. Paragraph 1 of the agreement defines Confidential Information to mean:

> Confidential Information means information disclosed by [Ever-Seal] to [Halferty], or its agents, employees and/or independent contractors, in any manner, that is not generally known in the industry in which [Ever-Seal] is engaged, about its business and which [Ever-Seal] desires to be kept confidential. As to Ever-Seal, Inc., Confidential Information includes, but is not limited to, operating procedures and results, customer information, information about technical, administrative, management, financial or other activities with respect to its development program, distribution networks, software programs, marketing plans and strategies, strategic alliance or joint venture arrangements, trade secrets, know-how and ideas.

3. Paragraph 2 of the agreement defines Confidential Material to mean:

> Confidential Materials includes all physical embodiments of Confidential Information (including but not limited to specification sheets, recording media, software listings, contracts, reports, lists, manuals, quotations, proposals, correspondence or product information.

4. Defendant expressly agreed that Ever-Seal, Inc. "shall be entitled to both a preliminary and/or permanent injunction in order to prevent the continuation of such harm."

5. Plaintiff has shown a strong likelihood of success on the merits of its breach of contract and intentional interference with business relations claims. The Court finds at this initial stage that Plaintiff is likely to show that:

    a. Ever-Seal, Inc. will suffer immediate and irreparable injury as a result of Defendant's ongoing competition and interference.

    b. The likely interference with customer relationships resulting from the breach of a non-compete agreement and intentional interference with

business relations is the kind of injury for which monetary damages are difficult to calculate.

    c.    The loss of customer goodwill often amounts to irreparable injury because the damages flowing from such losses are difficult to compute.

    d.    The loss of fair competition that results from the breach of a non-competition covenant is likely to irreparably harm Ever-Seal, Inc.

6.    Upon considering the hardship caused by the injunction, the Court finds that Plaintiff would be harmed significantly if a TRO were not granted, whereas Defendant will suffer no harm if a TRO is granted, as the injunction merely requires Defendant to comply with his non-compete agreement. Any argument Defendant makes concerning potential harm from an Order restraining him from violating the law has no merit.

7.    Granting the temporary restraining order serves the public interest and would merely hold Defendant to the terms of the bargain that he and Ever-Seal, Inc. entered into through the Confidentiality Agreement. Enforcement of contractual duties is in the public interest.

8.    The Court finds that all four factors weigh in favor of granting injunctive relief. For these reasons and the reasons discussed in the Court's February 10, 2022 Memorandum Opinion (Doc. No. 12), and with Plaintiff having posted a bond in the amount of ten thousand dollars ($10,000.00) in a form satisfactory to the Clerk of Court, the Court finds that a temporary restraining order is justified in this case and hereby **ORDERS**:

    a.    That Defendant and all agents, servants, employees, officers, attorneys, successors, licensees, partners, assigns, vendors and all persons acting in concert or participation with him and each other immediately:

     i. Take affirmative steps to preserve all records related to their misconduct alleged in the Complaint through the pendency of this lawsuit, including all records documenting their customers and potential customers, sales, leads, inquiries, marketing efforts, business plans, revenues, profits, processes, employees, and communications with/about any of the above and/or Ever-Seal;

     ii. Cease engaging in conduct that competes against Ever-Seal, Inc. Without limiting the foregoing, Defendant is explicitly prohibited from:

          1. Using, disclosing or disseminating Ever-Seal's Confidential Information and Materials;

          2. Interfering with Ever-Seal's prospective business relationships;

          3. Offering services similar to Ever-Seal.

b. This case is set for hearing on Plaintiff's motion for preliminary injunction on **February 24, 2022, at 1:00 p.m**.

IT IS SO ORDERED.

ENTERED THIS 11th DAY OF FEBRUARY, 2022, AT 1:00 P.M.

                                *Eli Richardson*
                             UNITED STATES DISTRICT JUDGE